# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHANIE TIESEL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KELLI BIRCH, Cap't, )<br>Creek County Jail, )<br>)<br>Respondent. ) | Case No. 10-CV-0776-CVE-PJC |

## OPINION AND ORDER

On December 7, 2010, Petitioner, a state prisoner in custody at the Creek County Jail, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1), challenging the administration of her sentence. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). In response to the petition, Respondent filed a motion to dismiss (Dkt. # 6), stating that Petitioner has been released from custody and requesting that the petition be dismissed as moot.

### *BACKGROUND*

The record reflects that on October 7, 2010, Petitioner was convicted on her plea of guilty of endeavoring to manufacture/possession of material with intent to manufacture methamphetamine and was sentenced to 21 years imprisonment with all but the first year suspended. See Dkt. # 6, Ex. B. The first year was ordered to be served in the Creek County Jail with credit for time served. Id. In her petition (Dkt. # 1), Petitioner claims that her sentence has not been properly credited as mandated by Oklahoma law. As a result, she requests release from custody. On January 10, 2011, Respondent filed a motion to dismiss (Dkt. # 6), and provided evidence demonstrating that on January 6, 2011, Petitioner discharged her sentence and was released from custody. See Dkt. # 8,

Ex. D. As a result, Respondent asserts that Petitioner's request for habeas corpus relief has been rendered moot and requests that this action be dismissed. See Dkt. # 6.

*ANALYSIS*

"Article III of the United States Constitution only extends federal judicial power to cases or controversies." United States v. Meyers, 200 F.3d 715, 718 (10th Cir. 2000). "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998). To satisfy the case or controversy requirement, the petitioner "must have suffered or be threatened with an actual injury traceable to the respondents and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). A § 2241 habeas proceeding is generally "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) (quoting Preiser v. Rodriquez, 411 U.S. 475, 484 (1973)).

The relevant inquiry in this case is whether Petitioner is subject to collateral consequences adequate to meet the injury-in-fact requirement of Article III. Spencer, 523 U.S. at 7; see also Gille v. Booher, No. 00-6106, 2000 WL 1174612 (10th Cir. Aug. 18, 2000) (unpublished). Petitioner must "continue to have a personal stake in the outcome" of her case in order to satisfy the case or controversy requirement of Article III. Spencer, 523 U.S. at 7. In her petition, Petitioner makes no challenge to the fact of her incarceration. Her habeas corpus challenge is limited to seeking sentence credits allegedly earned during her term of incarceration. Because Petitioner has been released from incarceration, "h[er] incarceration 'cannot be undone.'" Gille, 2000 WL 1174612, at *1 (quoting

2

Spencer, 523 U.S. at 7-8). Therefore, this case is moot unless a favorable decision from the Court would serve to redress an actual injury sustained by Petitioner.

Under the facts of this case, Petitioner cannot demonstrate a concrete and continuing injury now that she has been released from imprisonment. As a result, there is nothing for this Court to remedy. Spencer, 523 U.S. at 7. The Court concludes that Petitioner's request for habeas corpus relief has been rendered moot by her release from incarceration. The 28 U.S.C. § 2241 petition for writ of habeas corpus shall be dismissed as moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Dkt. # 6) is **granted**.
2. The 28 U.S.C. § 2241 petition for writ of habeas corpus (Dkt. # 1) is **dismissed as moot**.
3. This is a final order terminating this action.

**DATED** this 18th day of January, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT